IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–03246–WJM–KMT

MARY GREENBERG,

    Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant.

---

# ORDER

---

This matter is before the court on "Plaintiff's Motion for Leave to File Amended Complaint." (Doc. No. 18, filed Apr. 9, 2012 [Mot.].) In her Motion, Plaintiff seeks to "clarify" her claims against existing defendant Portfolio Recovery Associates, LLC (hereinafter "PRA, LLC"), and seeks to join Portfolio Recovery Associates, Inc. (hereinafter "PRA, Inc.") as an additional defendant. (*See id.*) On April 27, 2012, PRA, LLC filed a response indicating that it does not formally oppose Plaintiff's Motion. (*See* Doc. No. 20, filed Apr. 27, 2012 [Resp.].)

Pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir.2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983). Further, the Supreme Court guides that

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

The deadline for amending the pleadings in this matter was set for April 9, 2012. (*See* Scheduling Order, Doc. No. 17, filed Mar. 8, 2012.) Accordingly, Plaintiff's Motion is timely. Additionally, PRA, LLC "does not oppose Plaintiff's request to 'clarify her claims' against existing Defendant PRA, LLC and does not formally oppose the joinder of PRA, Inc." (Resp. at 2-3.) Accordingly, the court finds that there has been no showing that Plaintiff's proposed amendments are futile, made in a bad faith or dilatory manner, or unduly prejudicial to PRA, LLC.

Despite its non-opposition to Plaintiff's Motion, PRA, LLC requests that Plaintiff's counsel be ordered to keep and maintain separate billing entries and records as to PRA, Inc. (Resp. at 3.) As ostensible ground therefor, PRA, LLC maintains that PRA, Inc. will likely

2

retain separate counsel and pursue its attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3). (Resp. at 3.)  The court declines to require that Plaintiff keep and maintain separate billing entries and records for PRA, Inc.  PRA, LLC does not cite, nor is the court able to locate, any authority to support such an imposition.  Furthermore, it is less than clear why it is necessary for *Plaintiff* to keep separate billing entries and records in order for *PRA, Inc.* to recover its fees under § 1692k(a)(3).  Finally, the court notes that PRA, LLC may not seek such relief in a response to Plaintiff's Motion.  *See* D.C.COLO.LCivR 7.1C ("A motion shall not be included in a response or reply to the original motion.  A motion shall be made in a separate paper.")

Therefore, for the foregoing reasons, it is

ORDERED that "Plaintiff's Motion for Leave to File Amended Complaint" (Doc. No. 18) is GRANTED.  The Clerk of Court is direct to file Plaintiff's "Amended Complaint and Jury Demand" (Doc. No. 18-1).

Dated this 30th day of April, 2012.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge